Ms. O'Keefe, would you announce our second case for argument? Case 22-3662, United States v. Reginald Doss Case 22-3662, United States v. Reginald Doss Ms. O'Keefe, would you announce our second case for argument? Good morning. May it please the Court. Reginald Doss was convicted of one count of being a felon in possession of a firearm after a jury retrial. The first trial ended in a mistrial after the jury could not reach a unanimous verdict. He raises three challenges on appeal. I will first address the 404B argument and then address the Second Amendment and sufficiency arguments with any time remaining, but happy to answer any questions that the Court has on the briefing. The general theory of the prosecutor's case was that Mr. Doss fled from law enforcement after an attempted traffic stop, and while fleeing on foot, he threw the firearm. As part of its case, the prosecution put on three separate instances of prior possession by Mr. Doss. This was error and requires reversal as it's improper 404B evidence. The prosecution's approach to the 404B evidence in this case is one that this Court has repeatedly denounced. When stating the reasons for the introduction of this evidence, the government simply did the laundry list of permissible bases under 404B. When looking at these factors specifically, it establishes that it was not proper 404B evidence and should be reversed. It has limited relevance and is not similar in kind. The government talks about knowledge and that it goes to knowledge, and this circuit's case law has said when you don't plead guilty, when you go to trial, knowledge is at issue. That's one step of the analysis when determining whether something is relevant. Yes, knowledge is at issue, but why did these prior possessions make that knowledge element more or less likely? There is no argument by the government why these prior possessions made Mr. Doss' alleged knowledge, in the present case, more or less likely, because they did not. Looking at these cases in this Court's decisions, for example, in Smith, one of the cases cited by the government, they had made similar arguments, well, this is an actual possession case, but in that case, the priors were admitted because they were similar in kind, and they were relevant to show there the defendant had possessed a firearm in the car. That was the prosecutor's theory of the case. In the priors, the defendant had possessed a firearm in a car, so it went to knowledge. It was relevant in that circumstance. We don't have that here. This is a circumstance where the allegation was that Mr. Doss had it on his person, had it in his hand, and threw it. The priors we have are just a general felon possession conviction, which the circumstances were not established, and then two prior instances of videos where we don't know when they were filmed, where Mr. Doss had a firearm on his person. Now, I think I agree with you on the underlying Rule 404B issue, but harmlessness, I don't know. I mean, there is just a mountain of evidence here, and so I'm not sure that the Rule 404B evidence actually made much of a difference to the outcome. There are several issues in why a harmless error, the government can't meet its burden to establish harmless error. First, just considering the context, this is a retrial where the jury couldn't reach a unanimous verdict in the first time around. Also, this testimony came in through Detective Garrett. Detective Garrett was basically the main witness in this trial, heavily critiqued and heavily criticized on cross-examination for the fact that he was inconsistent in his own statements and that he said, I saw him throw it when that was established by the video that it's not possible. At the retrial, he says, well, I deduced it. And then at the retrial for the first time, he says, well, I saw him with the firearm on his person as he's getting out of the car. Had never said that before. Never said it in any police report, search warrant affidavit, or even at the first trial. And it's just simply not supported by the video evidence. And not only was that the gist of the evidence, besides the fact that Mr. Doss was simply just there and it was along the path, this 404B evidence came in through the very criticized and very controversial in this case witness. So when defense counsel is trying to say, you can't believe this testimony, you can't believe he saw it, then Detective Garrett is able to testify, yes, but Mr. Doss has these three prior instances where he possesses a firearm. What about the gun, though, and the fact that they heard an impact? And I think that was actually on the body cam video where he says, I heard him throw a gun away and then you have the impact. And then it turns out that the gun is damaged in a way that's consistent with an impact on the ground. So he says he heard a ping. I couldn't hear a ping. And I think Garrett's testimony or what he says in the body cam is Reginald Doss threw a gun. Again, that's an assumption because we know he didn't see him throw a gun. We know it was not possible for him to have seen him throw a gun. And in this case, there wasn't the type of follow-up investigation that is generally done in these circumstances. There's evidence that this was a high crime area. And what Garrett generally does in these circumstances, if they find a gun, they'll look and they'll see, were there any fleeing or was there any incidences in this area? And they pick up a lot of firearms in this area, as Detective Garrett testified to. None of that was done in this case. So our position is that it's their burden, and considering the prejudicial nature of it, cannot establish harmless error in these circumstances. It'd be quite a coincidence, though, that a gun was found there, right? Right. And I think... I mean, that's pretty, you know, and he hears the clang and it's got some damage. It sure seems like the evidence isn't, even with the inconsistencies, the evidence is still pretty strong. Let me ask you this, though. Wasn't there also a limiting instruction? There was a limiting instruction given, Your Honor, but that's not an automatic way to get around harmless error. This court still has reversed even when a limiting instruction is given. And I would temper that limiting instruction with considering how Detective Garrett testified in this case. When he was introducing, I think it was the Snapchat videos, and he told the jury these were coming in to show that Detective Garrett had prior dealings with firearms, which is not a permissible basis under 404B. So even though there was a limiting instruction given, you have this witness who's testifying and saying, well, we know he has firearm dealings before, so... And again, going to harmless error, trust what I'm telling you about what I saw. But I do think, as the coincidence argument, again, it's the government's burden, and we're dealing with a high-crime area where there's... I believe the testimony was hundreds of firearms are recovered by this unit specifically, so they can't establish harmless error in this case. Can I ask you, so you might have referenced it earlier and I might have missed it, but there's a recent case where I sort of raised this issue in a separate concurrence and ended up going the harmless error route, but that was the Harrison case, which is 70F41094. And the majority said it shows knowledge that he had a gun. Nobody was arguing there that he didn't have knowledge that it was a gun, but nonetheless, the majority said the prior felon in possession shows knowledge of a gun. Now, I think that's kind of silly, but I wasn't in the majority. So what's the effect of Harrison on your argument? Because I'm bound by it, even though I didn't agree with the reasoning. There is some obviously difficult 404B evidence from the circuit, but at the end of the day, it's case by case. It's not just a matter of it's a felon in possession trial. He's got a prior. It's going to go to knowledge every single day of the week. We still have to look at each case specifically and why it's relevant. Is it similar in kind? Is it more prejudicial than probative? The court still needs to have that analysis, and it just wasn't done here. And I cannot think of a reason why it went to knowledge besides the fact of, well, he had one before, so he's got to have one here. It's not like the Smith case, like I talked about, where it's similar conduct, so it shows state of mind, it shows that he has knowledge. We just simply don't have that here. And the case may be different, for example, if you have it in a bag, right? So you say, I didn't know I had a gun, right, in the bag or whatever, and so don't attribute the possession to me. And then you say, oh, but you've had guns before. You know what a gun looks like, and you knew. If you opened your bag, you would have seen it. But that's, I take it, the argument would be that's not this case. Exactly. And I know this court has said it can still come in. This court has said we aren't going to say in every single actual possession case that 404B evidence is impermissible, but it's still case by case. And the fact that it is an actual possession case shows just limited, if at all, relevance that these three prior instances would have had in Mr. Doss' case. And, again, this might go to prejudice, but it also goes to probably harmless error. This was three prior instances. This wasn't just one we put the guilty plea docs up and shows he has a prior felon in possession. It's three separate instances. And in these videos, at least one of them, he's pointing a firearm at the camera itself. I would just briefly want to address the Second Amendment issue. I acknowledge it's difficult, but our position is still that Jackson is the statement stating all as-applied challenges do not need to be addressed when dealing with felon in possession. Our position is that is dicta, but I do acknowledge I made that argument in Cunningham and it was unsuccessful, but that is still our position and still would want to preserve that issue for further review. I just want to ask one follow-up on that. Let's presume that there are as-applied challenges, that you're right on the dicta point. This guy, I don't know how he doesn't meet the dangerousness requirement that's set out in the Dissent from Denial of Rehearing on Bond. So if we ever get there, he's got 24 adult convictions and two juvenile convictions, and he's got harassment involving the discharge of a gun at another car. He's got all kinds of assaults, and some of them involve weapons. I just don't know how he couldn't be dangerous, even if you can succeed. So thinking about it, I guess I think of it, why is he prohibited from possessing? And it's not those harassment, it's not those misdemeanors, it's those felonies. And his felony convictions themselves are nonviolent. I believe his felonies were identity theft, theft, and forgery. So I guess I look at it a little bit more narrowly than I think if you looked beyond the felonies, that would be a really difficult road to go because then is it just criminal convictions? Do we get to look at someone's entire background? So I would assert the focus should just be on what were the convictions that are the bases for saying he's prohibited, are those dangerous or not, and our position is they are not. Okay. Thank you. Thank you. May it please the court. My name is Jonathan Holscher, representing the government, the Southern District of Iowa. I will start where Ms. Quick started to as well with the 404B evidence. I think it's also important to note that not only is the district court found in the final pretrial conference was this evidence admitted for the purposes of intent and knowledge, but it was also admitted for the purposes of showing opportunity. Defense counsel is correct. The government did not argue opportunity during the trial, but it did point out how opportunity is relevant on appeal. And I don't believe that that is in any way should not lessen or in any way discredit the or go towards the analysis of whether or not the district court abuses discretion. You said opportunity. How is that relevant to opportunity? He had an opportunity to possess one before, so he has an opportunity to possess one now? He has the ability to obtain firearms illegally. He's a prior felon. He can't go into a store and buy one and purchase one legally. He cannot receive one through a gift legally. So the only way that he can do that is if he has connections, if he has the ability to go through and seek through illegal channels to be able to obtain the firearm. You don't think that's propensity? That sounds an awful lot like propensity to me. Hey, he had one before and he has the opportunity to go out and get one again through whatever illegal challenges or illegal channels, excuse me. It's not because if a person wants to purchase something illegally, they have to be able to go. They can't, as I said, can't go to a store, can't go order it on Amazon or anything. So they have to be able to find or know someone who is able to do it. Now, it doesn't necessarily, just because you know those people doesn't necessarily mean you're a criminal or doesn't necessarily mean that you will be engaged in criminal conduct, but you still have to be able to do it and you still have to be able to find it. If an average law-abiding person woke up one morning and decided they wanted to start using methamphetamine, they'd have a hard time finding it because they don't presumably would know or wouldn't have any connections to that or access to the methamphetamine. How is that relevant, though, to the elements of the offense? That's the other trouble I'm having because he either possesses it or he doesn't. Does it make a difference how he obtained the gun in terms of the elements of the offense? It's still part of the possession. He could still get it. It's not necessarily, it's not a question for the jury to decide how he obtained it, just the fact that he has it. And so one possible defense would be that if he can't purchase it legally, if he can't get it through the appropriate channels, how could he even have the gun? How could he even say that he has a gun at all? And so we have to be able to still establish that he had the opportunity to be able to do it and still be able to get one. What about knowledge and intent? I think you started out by saying those were the ones that the district court relied on. In addition to those two, it was also opportunity. But, yes, the district court relied on this court's prior precedent in finding that knowledge and intent were relevant. It's still knowing possession. The reason why the government takes this approach with this, the reason why we did in this case, is because we don't know what the defense is going to be. So the idea is we present all the evidence we can, we present as much of the evidence as we can, and we open ourselves up to allow us to make those arguments. You do kind of take the shotgun approach before trial, and then we tended to take a more rifle approach at the trial and responded to the arguments that the defense counsel made. We did not argue the knowledge, the opportunity issues at trial because the defense counsel made it very clear in his opening statement and through his extensive cross-examination of Detective Garrett that the issue was going to be, on their end, Detective Garrett's credibility. So we responded to that in our closing arguments, in our rebuttal arguments, rather than those areas. The point is, if we don't make those arguments at the final pretrial conference and we don't present that in there, then we potentially hamstring ourselves later when it comes down to trial. Let me just ask one question. I'll tell you exactly why this line of argument bothers me, and I still can't get an answer to it. Is there ever a situation that you can think of where the prior possession of a gun, and I'm not talking about old ones, you can say, well, it was 40 years ago, where the prior possession of a gun would ever be inadmissible in a felon in possession case? Nobody's been ever able to answer that question. I can't think of a single situation. I just want to make sure I understand. A prior conviction would not be admissible in a trial? Correct, for knowledge, intent, opportunity, mistake, et cetera. I would think that would require that it would require, I believe, the defendant to be able to, I can't think of exactly how you would word it, but it would require some sort of stipulation. It would be difficult for the defendant to stipulate to this, but it would have to be some sort of stipulation where they are acknowledging that, in fact, if you found that he possessed a firearm, that he knew, in fact, that it was a firearm. Well, would it be that difficult? I mean, couldn't he just stipulate that I'm familiar with firearms, I hunted as a kid, and therefore I stipulate that I know what a firearm is and I have had the opportunity to possess them? You know, a stipulation along those lines might take the issue off the table. Potentially, Your Honor. Again, I can't speak to all defendants, and I would think that some defendants would have an issue with admitting to that closely of knowledge and that close familiarity with firearms when you're being accused of possessing one. But if the defendant so chose to make that stipulation, that potentially would cause this evidence to be inadmissible, but also at the end of the day it's up to the defendant to make that decision. But it would require a stipulation that's almost tantamount to a guilty plea. You still have to prove knowledge that you're a felon, but for all other respects it would be tantamount to a guilty plea. That's what I can come up with at this point, Your Honor. That's fair. Moving on to addressing the defendant's sufficiency of the evidence argument. As it's laid out in the government's brief, we believe this is purely an issue attacking Detective Garrett's credibility. Again, during trial, as Ms. Quick pointed out, Detective Garrett was vigorously cross-examined during trial, and the defense counsel in their closing argument argued at length about the credibility of Detective Garrett. Those arguments were rejected by the jury, and as the district court noted in the motion for retrial, noted too that this would be just rehashing the credibility issues of Detective Garrett. Again, for this court, in reviewing it, it should not substitute itself for any sort of credibility issues and re-evaluate the credibility of Detective Garrett. But also, I want to point out that even aside from, yes, Detective Garrett used different words to describe what had happened, but the general gist of it was always the same. He was chasing Mr. Doss, he saw Mr. Doss throw an object, and he later determined that to be a gun. Now, we can split hairs on exactly what words or what was the most appropriate verbiage to use there, but that's essentially what happened, and that's essentially what he continued to say throughout trial. We also have, though, that the video evidence that Ms. Quick and defense counsel at trial argued doesn't show what they purports it to show. First off, the surveillance video that was admitted at trial was of poor quality. It did not show continuous motions, it was very choppy, and it did not take into account the direction of travel that both Detective Garrett and Mr. Doss took. The evidence established that as Mr. Doss was leaving his car, he was up beside the buildings, and then he ran towards the dumpster and then eventually ran back away towards the dumpster, almost in a V-like pattern back towards the buildings. So then when Detective Garrett rounds the corner, as demonstrated on the body camera video itself, he could see Mr. Doss in his line of sight, and he could see Mr. Doss's hand coming back down in what he interpreted as a throwing motion because it was not a normal running gait, as he had testified to. All of that is consistent with the video evidence and is seen on the video evidence, and is further corroborated by the defendant's hat being found 10 to 15 feet away from the dumpster. And so the standard, as the court knows, is to apply as if it would only reverse the jury conviction if Detective Garrett's testimony was simply implausible on its face, and that simply is, as I demonstrated in the brief and demonstrated here, is simply not the case. And then finally, as to the Second Amendment issue, again as this court is bound by Jackson, government would disagree that the prior finding of no applied challenges in Jackson is not just mere dicta. This court went through a lengthy analysis on the history of these prohibitions and went through back into the 1600s about how firearms can be restricted for any number of reasons. That is not just mere dicta. That is this court finding that these applied challenges are not to be looked at, and we're not going to do this felony-by-felony analysis. Can I follow up on this? One of the things that's happened since this case was set for the oral argument calendar is the Solicitor General sought certiorari in range, which is the Third Circuit version. Very high success rate. I'm not saying it's going to be granted, but a very high success rate for the Solicitor General. So if we do a belt and suspenders approach and say, even if there is an as-applied challenge here, opposing counsel says you only consider the prior felonies. I'm not sure that's true. I don't think it's true. Just make me feel better that an as-applied challenge here would be unsuccessful. As you were pointing out earlier, Your Honor, the lengthy criminal history of the defendant would weigh against the defendant being able to possess firearms. And I think you are correct that we shouldn't just specifically look at just solely what the offenses were and whether there was also any elements of those offenses were necessarily violent. We also have to remember that he has, I believe, either two or three other prior felon possession of firearm convictions. I believe those could, and in some of those, those are also involving shootings, involving other violent acts. I believe that if you're going to be looking at it as an applied challenge and you're going to be looking at this defendant in particular, certainly at least the facts and circumstances surrounding the felony convictions should be relevant. Now, an aggravated misdemeanor harassment in the first degree conviction under Iowa law is by definition not a felony that would disqualify him. Maybe not those charges, but certainly at least the felony ones that the underlying facts and circumstances should be bound and not just simply looking strictly at the elements of the offense. And if there are no other questions from the panel, we'll finish up then. Thank you, Your Honors. Hearing none, thank you. I'll start with addressing the opportunity as a basis for the introduction of this 404B evidence. Yes, this court can affirm on any basis that's supported by the record, but it's not supported that opportunity was a valid basis for this evidence to be introduced. Crenshaw, this court's decision, is most on point for this, where the court acknowledged, yes, we can affirm, but still found it not relevant when it's not something the government ever tried to argue before the jury or there was ever any indication that the government had presented that evidence for this reason. And beyond that, if that argument is accepted in a felon in possession trial, we can introduce evidence of a prior possession to show that this person can get firearms, even if that's not really the facts of that really don't matter in that trial, like it didn't matter here. Every single felon in possession trial, prior possessions are coming in as opportunity to say, well, he's got them before he or she's got them before they could get them again. That kind of negates the need for a case-by-case analysis to really determine if it's relevant to the facts and what are the disputed issues in the case. And I would urge the court not to go down that road. Ms. Cook, what do you think of the concept of stipulating that I'm familiar with guns and I can get one if I want, which might take all those things off the table? I don't know if that would be wise to ever have your client do that. But if it's not, if it doesn't matter, if it's not part of the trial and what they need to prove is the elements, I don't think it's necessary. And it seems like... Well, they do have to prove that you knowingly possess a gun. You have to know it's a gun. Right. Right. Right. But I don't... If you stipulated that, hey, I'm familiar with guns, I know what they are, that doesn't mean I had one that day or had one post being a convicted felon. I guess I could see it. I don't know that I've ever seen a trial or had a trial where someone's saying, I possess this object, but I had no idea what it was. So I don't know how often it will come up, but it's an interesting thought, I would say. If there are no further questions, we would ask this court to reverse and remand for the reasons stated in the briefing. Thank you. Thank you, counsel. We appreciate your appearance and argument. Case is submitted and we will decide it in due course.